# Exhibit B

Assigned for all purposes to: Burbank Courthouse, Judicial Officer: Frank Tavelman

Electronically FILED by Superior Court of California, County of Los Angeles on 10/31/2022 04:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Poghosyan,Deputy Clerk

W. Zev Abramson, Esq. # 289387
Baruch Y. Kreiman, Esq. # 306328
Nissim Levin, Esq. # 306376
**ABRAMSON LABOR GROUP**
11846 Ventura Boulevard, Suite 100
Studio City, California 91604
Tel:  (213) 493-6300
Fax:  (213) 382-4083

Attorneys for Plaintiff,
JAVER STUBBS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAVER STUBBS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FAVORITE HEALTHCARE STAFFING, LLC, a limited liability company; and DOES 1-100, Inclusive<br><br>Defendants. | Case No.: 22BBCV00876<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>1. Failure to Provide Overtime Wages<br>2. Failure to Pay Minimum Wage<br>3. Failure to Provide Meal Periods<br>4. Failure to Provide Rest Breaks<br>5. Failure to Indemnify<br>6. Failure to Pay Wages Due Upon Termination; Waiting Time Penalties<br>7. Failure to Issue Accurate and Itemized Wage Statements<br>8. Unlawful Business Practices in Violation of CA B&P Code 17200<br><br>**Over $25,000** |

PLAINTIFF complains and alleges as follows:

1. On information and belief, Plaintiff, JAVER STUBBS, was a resident of the County of Los Angeles, State of California, at all relevant times.

2. At all relevant times, Defendant, FAVORITE HEALTHCARE STAFFING, LLC (hereinafter "FAVORITE HEALTHCARE"), is a limited liability company doing business at 7255 W 98TH TERRACE BUILDING 5 SUITE 150, Overland Park, Kansas 66212.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive

Complaint and Demand for Jury Trial

1

and so Plaintiff sues them by these fictitious names. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4. Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining co-defendants, in doing the things hereinafter alleged, was acting within the course, scope and under the authority of his/her/its agency, employment, or representative capacity, with the consent of her/his/its co-defendants.

5. Plaintiff began working for FAVORITE HEALTHCARE on or about January 25, 2021.

6. Plaintiff was employed as an On-Site Manager for FAVORITE HEALTHCARE. Plaintiff was charged with overseeing Defendant's operations throughout the state of California. As such, the nature of Plaintiff's work was remote, and his workstation was in the County of Los Angeles at 8250 Lankershim Boulevard, Apt. #8, North Hollywood, California 91605.

7. Plaintiff alleges that for the duration of his employment at Defendant FAVORITE HEALTHCARE, Plaintiff was a non-exempt employee and was last compensated at an hourly rate of $25.00.

8. Plaintiff alleges that he has not been compensated all due wages upon termination because Defendant FAVORITE HEALTHCARE failed to properly compensate him all overtime wages whenever he worked in excess of eight (8) hours in a workday. On average, Plaintiff worked four (4) hours off the clock each shift for which he received no compensation.

9. Additionally, Plaintiff alleges that he is still presently owed for thirty (30) hours' worth of overtime wages that he worked while on the clock.

10. Plaintiff alleges that Defendant FAVORITE HEALTHCARE failed to provide him with all legally mandated respite periods in accordance with California Labor laws. On average, Plaintiff missed five (5) rest and meal periods each week given the voluminous nature of his work.

11. Plaintiff alleges that he was required to use his personal property to complete his

assigned job duties and was never reimbursed for its use.

12. Plaintiff alleges Defendant has engaged in, among other things a system of willful Violations of the California Labor Code and applicable IWC wage orders. Defendant acted intentionally and with deliberate indifference and conscious disregard to Plaintiff's rights by failing to provide Plaintiff off-duty meal periods, duty-free rest breaks, failing to keep and provide accurate and timely records of wages earned and other legally mandated records, requiring Plaintiff to work through meal periods as well as off the clock, failing to pay overtime wages, and failing to pay Plaintiff whose employment has terminated a final payment of his wages in a prompt and timely manner in conformity with Labor Codes §§ 201 — 203, 226, 226.7, 512, and 1174.

13. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from losses of earnings and otherwise in amounts as yet unascertained but subject to proof at trial.

First Cause of Action

**FAILURE TO PAY OVERTIME COMPENSATION**

(Against Defendant FAVORITE HEALTHCARE)

14. Plaintiff re-alleges the allegations set forth in Paragraphs 1-13 as though fully set forth and alleged herein.

15. Pursuant to California law, for the four years preceding this action Defendant FAVORITE HEALTHCARE was required to compensate Plaintiff for all overtime which is calculated at:

16. One and one-half (1½) times the hourly rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek, and

17. Two (2) times the rate of pay for all hours worked in excess of twelve (12) hours per day, and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

18. Plaintiff was a non-exempt employee entitled to the protections of the Industrial Welfare Commission Orders mentioned herein, California Code of Regulations, Title 8, § 11010.

19. During the course of Plaintiff's employment, Defendant FAVORITE HEALTHCARE failed to compensate Plaintiff for all overtime hours worked in excess of eight (8) hours per day and forty (40) hours per week and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek. Moreover, Defendant failed to compensate Plaintiff for double-time hours for hours worked in excess of twelve (12) hours per day, and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek as required under the aforementioned statutes and regulations.

20. Plaintiff alleges that Defendant FAVORITE HEALTHCARE failed to properly compensate him all overtime wages earned as Plaintiff was never compensated for the four (4) hours of off the clock work performed each shift.

21. Additionally, Plaintiff alleges that he is still presently owed thirty (30) hours' worth of overtime wages that he worked while on the clock.

22. Defendant willfully refused and continues to refuse to pay Plaintiff overtime in a timely manner, as required by the aforementioned statutes. Plaintiff therefore request restitution and penalties as provided by California Labor Code § 203.

23. Defendant's conduct described herein violates California Labor Code §§ 512, 515.5, 558, 1194 and 1198. Therefore, pursuant to Labor Code §§ 218.5, 512, 515.5, 558 and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties plus reasonable attorney's fees.

24. As a direct and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial, but in an amount in excess of the jurisdiction of this court.

///
///

## Second Cause of Action

## FAILURE TO PAY MINIMUM WAGE

(Against Defendant FAVORITE HEALTHCARE)

25. Plaintiff re-alleges the allegations set forth in Paragraphs 1-24 as though fully set forth and alleged herein.

26. Section 1194 of the Labor Code provides, in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

27. Section 1194.2 of the Labor Code provides, in relevant part: "In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

28. During the course of Plaintiff's employment, Defendant FAVORITE HEALTHCARE failed to pay Plaintiff minimum wage for some of the hours that Plaintiff worked for them.

29. Plaintiff alleges that Defendant FAVORITE HEALTHCARE failed to compensate him for the four (4) hours that he worked off the clock each shift. Additionally, Plaintiff alleges that he is still owed thirty (30) hours' worth of overtime wages that he worked while on the clock.

30. Furthermore, pursuant to §§ 1194.2 and 218 of the California Labor Code, Plaintiff is entitled to recover liquidated damages in an additional amount equal to the amount Plaintiff is entitled to under § 1194.

31. Pursuant to § 1194 of the California Labor Code, Plaintiff is also entitled to recover interest, costs, and attorney's fees associated with this cause of action.

32. Defendant further willfully refused and continues to refuse to pay Plaintiff all wages owed to Plaintiff in a timely manner, as required by the aforementioned statutes. Plaintiff

therefore requests restitution and penalties as provided by California Labor Code § 203.

### Third Cause of Action
### **FAILURE TO PROVIDE MEAL PERIODS**
(Against Defendant FAVORITE HEALTHCARE)

33. Plaintiff re-alleges the allegations set forth in Paragraphs 1-32 as though fully set forth and alleged herein.

34. Labor Code § 512 and IWC Wage Order section 2001 requires that an employer provide its employees with a 30-minute meal break for every five-hour increment of time worked: (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

35. Labor Code § 226.7 further provides that for every meal break it fails to provide, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay for each meal period so missed: (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

36. Plaintiff was not allowed to take meal breaks during his shifts. Even if Defendant FAVORITE HEALTHCARE nominally permitted Plaintiff to take meal breaks, Plaintiff was unable to avail himself of such breaks for various reasons, including but not limited to, the fact

that Plaintiff's work was too voluminous and time-consuming to complete in the number of scheduled hours.

37. As a direct and proximate result of Defendant FAVORITE HEALTHCARE's unlawful failure to authorize, permit, and provide meal breaks as required by law, Plaintiff has suffered, and will continue to suffer, damages in the form of unpaid wages, the precise amounts of which will be ascertained according to proof at trial. Plaintiff is entitled to recover such damages, as well as attorney's fees and costs under Labor Code § 218.5.

### Fourth Cause of Action
### FAILURE TO PROVIDE REST BREAKS
(Against Defendant FAVORITE HEALTHCARE)

38. Plaintiff re-alleges the allegations set forth in Paragraphs 1-37 as though fully set forth and alleged herein.

39. Pursuant to the applicable IWC Wage Order section 2001 requires that an employer provide its employees with a 10-minute rest break for every four-hour increment of time worked.

40. Labor Code § 226.7 and IWC Wage Order section 2001, further require that for every workday in which an employer fails to provide a rest period during any four-hour increment, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

41. Plaintiff was prevented from taking statutorily mandated rest breaks during Plaintiff's shifts. Plaintiff was unable to avail himself of such breaks for various reasons, including but not limited to, the pressures from Plaintiff's workload and from management to take shorter breaks than he was entitled to, or none at all.

42. Defendant FAVORITE HEALTCARE failed to provide Plaintiff with the necessary coverage to take all mandated rest breaks. Defendant FAVORITE HEALTHCARE further failed to compensate Plaintiff for the missed rest breaks at his regular rate of pay.

43. By virtue of Defendant FAVORITE HEALTHCARE's unlawful failure to

authorize, permit, and provide rest breaks as required by law, Plaintiff has suffered, and will continue to suffer, damages in an amount which is presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial. Plaintiff is entitled to recover such damages, as well as attorney's fees and costs under Labor Code § 218.5.

### Fifth Cause of Action

**VIOLATION OF CALIFORNIA LABOR CODE §§ 2802 et seq.**

(Against Defendant FAVORITE HEALTHCARE)

44. Plaintiff re-alleges the allegations set forth in Paragraphs 1-43 as though fully set forth and alleged herein.

45. Plaintiff was forced to spend Plaintiff's own money in the performance of work required duties while working for Defendant FAVORITE HEALTHCARE. Plaintiff routinely spent Plaintiff's own money on work related charges. Despite Defendant's knowledge that Plaintiff was required to use Plaintiff's own money to pay for work related expenses, Defendant never reimbursed Plaintiff for these expenses, in violation of California labor Code Section 2802.

46. Plaintiff alleges that he was required to use his personal cellphone to complete his assigned job duties and was never reimbursed for its use.

47. As a proximate result of Defendant's willful refusal to reimburse Plaintiff for expenses incurred, Plaintiff is entitled to recover those costs, attorney's fees, as well as penalties pursuant to California Labor Code section 2802.

### Sixth Cause of Action

**FAILURE TO PAY WAGES DUE UPON TERMINATION; WAITING TIME PENALTIES**

(Against Defendant FAVORITE HEALTHCARE)

48. Plaintiff re-allege the allegations set forth in Paragraphs 1-47 as though fully set forth and alleged herein.

49. California Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing to former employees at or around the time their employment is terminated.

50. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

51. Defendant FAVORITE HEALTHCARE willfully failed to pay Plaintiff all wages due to him at the time of his separation as required by California Labor Code §§ 201 and 202.

52. California Labor Code § 203 provides that an employee's wages not paid upon termination shall continue as a penalty until paid or for a period of up to thirty (30) days from the time they were due.

53. Plaintiff alleges that he was not compensated all due wages at the time of his separation as Defendant FAVORITE HEALTHCARE failed to compensate him for the four (4) hours of off the clock work performed daily. Additionally, Defendant failed to compensate Plaintiff for thirty (30) hours' worth of overtime wages that he worked while on the clock.

54. Defendant FAVORITE HEALTHCARE's failure to pay all wages owed was willful and intentional and Plaintiff is thus entitled to penalties under Labor Code § 203.

55. Pursuant to Labor Code § 203, Plaintiffs are entitled to thirty (30) days' worth of wages as a penalty, plus attorney's fees, calculated against Defendant by multiplying their daily rate of pay by thirty (30) days.

Seventh Cause of Action

**FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS**

(Against Defendant FAVORITE HEALTHCARE)

56. Plaintiff re-alleges the allegations set forth in Paragraphs 1-55 as though fully set forth and alleged herein.

57. California Labor Code § 226(a) requires that employers, when paying their non-

exempt employees' wages, include an "itemized statement in writing showing" the "total hours worked by the employee," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."

58. Defendant FAVORITE HEALTHCARE implemented an employment practice whereby they failed to provide Plaintiff with accurate wage statement and records, including but not limited to pay stubs recording all hours worked, paychecks representing all wages earned, wage statements or itemized stubs showing hourly wage, (or piece meal rate), tips, overtime, bonus, vacation, as well as any employment deductions for all hours worked. Defendant's failure to provide or maintain accurate record of overtime hours worked and minimum wages earned specifically injured Plaintiff by depriving Plaintiff of all wages and earnings earned.

59. Defendant FAVORITE HEALTHCARE has willfully and intentionally violated California Labor Code § 226(a) by failing to show the total hours worked, failing to show the applicable overtime rates paid or owed, failing to record overtime hours worked, and failing to pay overtime rates and intentionally not paying or under paying wages.

60. As a result of Defendant's violation of Labor Code § 226, Plaintiff is entitled to $50.00 for each pay period in which there is an initial violation of Section 226 and $100.00 for each subsequent pay period in which there is a further violation.

61. Plaintiff seeks injunctive relief under Labor Code § 226 in the form of an order from the Court ordering true to properly state the wages earned, the proper hours worked, and the proper overtime wages paid – and to furnish accurate wage statements to each Plaintiff herein as well as other similarly situated employees of Defendant.

62. Plaintiff alleges Plaintiff is due a maximum of $4,000.00 as non-taxed penalties and restitution, plus cost and attorney's fees, for pay periods in which Defendant has failed to comply with Labor Code § 226 and for up to one year from the date of filing this action.

///
///
///

<u>Eighth Cause of Action</u>

## UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

(Against Defendant FAVORITE HEALTHCARE)

63. Plaintiff re-alleges the allegations set forth in Paragraphs 1-62 as though fully set forth and alleged herein.

64. By violating the aforementioned statutes and regulations, the acts of Defendant FAVORITE HEALTHCARE constitute unfair and unlawful business practices under California Business & Professions Code § 17200, et seq.

65. Defendant FAVORITE HEALTHCARE's violations of California wage and hour laws constitute a business practice because they were committed repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

66. Defendant FAVORITE HEALTHCARE's violations of California's laws regarding maintaining records constitute a business practice because they were committed repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

67. For the four years preceding the filing of this action, Plaintiff has suffered damages and request damages and/or restitution of all monies and profits to be disgorged from Defendant in an amount according to proof at time of trial, but in excess of the jurisdiction of this court.

<u>WHEREFORE, Plaintiff prays for the following relief:</u>

1. For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of benefits, loss of bonuses, expenses to obtain new employment, loss of job security and all damages flowing therefrom;

2. For all general and special damages to compensate Plaintiff for any past and future medical expenses and suffering and related damages;

3. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

4. For restitution of all monies due to Plaintiff and disgorgement of profits from the unlawful business practices of Defendants;
5. For all penalties under all relevant statutes;
6. For all costs and disbursements incurred in this suit;
7. For all interest as allowed by law;
8. For attorney's fees and costs; and
9. For such other and further relief as the Court deems just and proper.

DATED: October 31, 2022

ABRAMSON LABOR GROUP

By: _____
W. Zev Abramson, Esq.
Baruch Y. Kreiman, Esq.
Nissim Levin, Esq.
Attorneys for Plaintiff